EXHIBIT "2"

≝ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BLECKLEY COUNTY, GEORGIA
**2018V-0020**

MAR 02, 2018 02:04 PM

*Carol Evans*
Carol Evans, Clerk
Bleckley County, Georgia

IN THE SUPERIOR COURT OF BLECKLEY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BRANDON M. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 2018V-0020 |
| | ) | |
| | ) | |
| J. MICHAEL STEWART, THE BOARD | ) | |
| OF REGENTS FOR THE UNIVERSITY | ) | |
| SYSTEM OF GEORGIA d/b/a MIDDLE | ) | |
| GEORGIA STATE UNIVERSITY, | ) | |
| OFC. GREGORY MAULDIN, OFC. BEN | ) | Jury trial demanded |
| ALLEN, NEKEYRA RUMPH, | ) | |
| SODEXO, INC., JOHN DOE I, JOHN | ) | |
| DOE II, and CORPORATION XYZ, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Now comes BRANDON M. LEWIS (hereinafter "Mr. Lewis") and, as Plaintiff in the above-styled case, hereby files and serves the instant pleading amending his Complaint for Damages as follows.

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Brandon M. Lewis is a citizen and resident of Chatham County, Georgia.

2.

Defendant J. Michael Stewart is a citizen and resident of Bibb County, Georgia and may be personally served at 1100 SE Second Street, Cochran, Georgia 31014.

3.

Defendant Board of Regents for the University System of Georgia d/b/a Middle Georgia State University (hereinafter "Middle Georgia") is a Georgia non-profit corporation and may be served with process through its Board Secretary at its main office located at 270 Washington Street, SW, Atlanta, Georgia 30334.

4.

Officer Gregory Mauldin is a citizen and resident of Georgia and may be personally served at 100 College Street in Cochran, Georgia 31206.

5.

Officer Ben Allen is a citizen and resident of Georgia and may be personally served at 100 College Street in Cochran, Georgia 31206.

6.

Nekeyra Rumph is a citizen and resident of Georgia any may be personally served at 158 College Street, Cochran, Georgia 31206.

7.

Sodexo, Inc. is a foreign corporation and may be served through its registered agent Corporate Creations Network Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

8.

Jurisdiction and venue are proper in this Court.

9.

Defendants have been served with a copy of the original Summons and Complaint which was filed with this Court on February 2, 2018 and subsequently served in accordance

with the law.

10.

The instant case was filed within the applicable statute of limitations.

11.

Defendants do not object to the method, manner or sufficiency of service.

## FACTUAL ALLEGATIONS

12.

On or about February 1, 2016, Plaintiff Brandon M. Lewis was a full-time student at Middle Georgia State University completing the Spring semester of his sophomore year.

13.

On the above-referenced date, Mr. Lewis was taking a full course load and living in on-campus housing. As part of his enrollment, Mr. Lewis was on the school meal plan and was permitted to eat meals in the school cafeteria at 158 College Street.

14.

Prior to the subject incident, Mr. Lewis had a good academic record and did not have any disciplinary issues.

15.

Prior to the subject incident, Mr. Lewis had not exhibited any violent, psychotic, angry, aggressive, hostile or concerning behaviors toward the school, the administration, teachers, students or staff.

16.

On or around February 1, 2016, Mr. Lewis was preparing for final examinations under

the supervision of his then instructor Ms. Estelle Nuckles. Ms. Nuckles was Mr. Lewis' chemistry professor.

17.

Upon leaving Professor Nuckles' chemistry class that afternoon, Mr. Lewis went to the campus cafeteria to have dinner.

18.

While waiting in the cafeteria line, Mr. Lewis engaged in conversation with a female cafeteria worker whom he saw on a regular basis during the two-year period preceding the subject incident. Said worker was later identified as Ms. Nekeyra Rumph.

19.

Although Defendant Rumph was working at Middle Georgia in the Food Services Department, she was employed by Sodexo, Inc.

20.

Defendant Rumph was placed at Middle Georgia's campus pursuant to its contract with Sodexo, Inc. Defendant Rumph was hired, trained and paid by Sodexo, Inc. for the work performed there and Sodexo, Inc. maintained control over the method and manner of her duties.

21.

On February 1, 2018 at approximately 7:00 pm, Defendant Rumph and Mr. Lewis exchanged casual conversation. During said conversation, Defendant Rumph asked Mr. Lewis how he was doing, and he responded that he was tired. When she asked why, he explained that he was preparing for finals and had just come from a chemistry class. When she asked him why he looked so tired, Mr. Lewis jokingly made the statement that it felt like they were making bombs all day. The two of them laughed.

22.

As Mr. Lewis exited the food line, he smiled at Defendant Rumph and the two exchanged farewells before he went to his seat to eat dinner.

23.

Shortly thereafter, several officers from Middle Georgia's Campus Police Department entered the cafeteria and approached Mr. Lewis' table where he was eating alone.

24.

When asked what occurred, Mr. Lewis recapped his conversation with Defendant Rumph.

25.

At that point, Sgt. Gregory Mauldin placed Mr. Lewis in handcuffs and detained him.

26.

After placing Mr. Lewis in handcuffs, Defendants Mauldin and Allen continued to question him in the cafeteria, which was full of students. Mr. Lewis gave the officers consent to search his person, his bookbag and other items in his possession.

27.

Said search did not produce any evidence of a bomb, bomb-making activity or any other criminal misconduct.

28.

At that point, students began to gather around and stare. Several students who knew Mr. Lewis approached him to ask why he was being arrested. Mr. Lewis advised these students to calm down and allow the police to do their job. At all times relevant to this incident, Mr. Lewis responded calmly and obeyed all of the officers' questions and demands.

29.

Eventually, Defendants Mauldin and Allen escorted Mr. Lewis out of the cafeteria in restraints, through the hallways, and out of the building in front of fellow classmates, students, teachers and staff. Defendants Mauldin and Allen placed Mr. Lewis in the back seat of a patrol vehicle while they continued their search.

30.

Mr. Lewis gave officers consent to search his personal vehicle which was parked nearby, his dormitory room and his school issued locker. Officers used bomb sniffing dogs to conduct the search.

31.

After this search was completed, there was no evidence of a bomb, bomb-making activity or any other criminal misconduct.

32.

Despite a total absence of evidence pointing to the existence of a bomb or otherwise showing that a terroristic threat regarding same had been made, Defendants Mauldin and Allen contacted Defendant Stewart who informed them that Middle Georgia wanted to pursue criminal charges and directed them to move forward with the arrest and prosecution.

33.

Defendants Mauldin and Allen charged Mr. Lewis with the felony offense of Terroristic Threats pursuant to O.C.G.A. § 16-11-37 and transported him to the Bleckley County Law Enforcement Center, where he was booked and jailed on said charge.

34.

After a preliminary hearing and posting bond, Mr. Lewis was released from custody on

February 2, 2016

35.

At no time did Mr. Lewis resist arrest, or otherwise act inappropriately or aggressively towards officers or anyone else.

36.

Mr. Lewis was unlawfully handcuffed and detained for several hours by Defendants and/or their agents. Said arrest deprived him of physical liberties, exposed him to undue embarrassment and criminalization and subjected him to other indignities related to criminal prosecution. Mr. Lewis has suffered additional hardships having lost time and money as a result of the temporary suspension and having to return to a campus under the shadow of felony charges. The subject felony charges have prevented Mr. Lewis from transferring schools and from pursuing other personal, professional and academic opportunities which he was otherwise qualified for.

37.

Defendant Stewart, and other members of Middle Georgia's faculty and staff later dismissed the charge of terroristic threats from the school conduct proceeding, finding that there was insufficient evidence to support such a charge. Although faculty agreed that dismissing the charge was the correct thing to do, they stated that they "had no control" over the prosecutor and could not force the State to dismiss the felony charge against Mr. Lewis.

38.

As of the date of this filing, the felony Terroristic Threats charge is still pending against Mr. Lewis and has caused him to suffer significant personal and economic damages.

## CAUSES OF ACTION AGAINST DEFENDANTS

### DEFENDANT J. MICHAEL STEWART
### Count I- False Arrest/False Imprisonment

39.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40.

At the time of the subject incident, Defendant Stewart was the Assistant Vice President of Student Affairs for Middle Georgia's Macon and Cochran campuses. Defendant Stewart was also serving as the Chief Student Conduct Officer. In that capacity, Defendant Stewart was responsible for overseeing and investigating student misconduct, conducting school disciplinary hearings and imposing sanctions up to and including criminal arrest.

41.

Defendant Stewart instructed campus police to arrest Mr. Lewis which lead to the initiation of the criminal process.

42.

The actions and statements of Defendant Stewart, made without full personal knowledge and investigation of the incident, resulted in a wrongful detention and unlawful arrest and showed a reckless disregard for Mr. Lewis' rights, freedoms and privileges.

43.

The subject arrest constitutes a false arrest and/or false imprisonment in violation of Georgia law.

44.

As a result of Defendant Stewart's actions, Mr. Lewis has suffered substantial injury and damages in an amount to be further developed during discovery and proven at trial.

### Count II- Infliction of Emotional Distress

45.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 44 of the Complaint as if set forth fully herein.

46.

The actions of Defendant Stewart were so outrageous, egregious and reckless that they rise to the level of negligent and/or intentional infliction of emotional distress upon Mr. Lewis.

47.

Mr. Lewis suffered significant injuries as a result of said action in an amount to be further developed in discovery and proven at trial.

### Count III- 42 U.S.C. § 1983 and Constitutional Violations

48.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 47 of the Complaint as if set forth fully herein.

49.

In his official capacity and as a representative of Middle Georgia, Defendant Stewart was a state officer acting under color of law.

50.

At all times relevant to this action, Mr. Lewis, as a citizen of these United States, was

entitled to the rights, privileges and freedoms guaranteed by the Fourth Amendment, Fourteenth Amendment, Eighth Amendment of the U.S. Constitution, Georgia State Constitution and other provisions of law. By ordering Mr. Lewis' arrest without sufficient probable cause, Defendant Stewart unnecessarily and unlawfully deprived him of his constitutional rights.

51.

As a proximate result of Defendant Stewart's actions, Mr. Lewis has suffered a violation of his fundamental rights and has suffered injuries in an amount to be further developed during discovery and proven at trial.

52.

Defendant Stewart's actions are not protected by any form of immunity.

## THE BOARD OF REGENTS FOR THE UNIVERSITY SYSTEM OF GEORGIA d/b/a MIDDLE GEORGIA STATE UNIVERSITY

### Count IV- 42 U.S.C. § 1983 and Constitutional Violations

53.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 52 of the Complaint as if set forth fully herein.

54.

At all times relevant to the subject complaint, Defendant Stewart was employed by the Middle Georgia and was acting in the course and conduct of his employment.

55.

As stated, Defendants Middle Georgia and Michael Stewart violated Mr. Lewis' rights liberties, freedoms and privileges granted to him by the United States Constitutions, Georgia

Constitution and other common and statutory provisions of law.

56.

Defendant Middle Georgia is responsible for providing law enforcement services for campuses within the University of Georgia school system. Defendant Middle Georgia, while acting under color of state law, employed customs, policies and/or procedures which resulted in the wrongful arrest of Mr. Lewis.

57.

Defendant Middle Georgia's failure to properly screen, train and supervise its police officers and its subsequent decision to arrest Mr. Lewis without probable cause deprived him of his legal rights.

58.

As a result of said actions, Mr. Lewis has suffered significant injury giving rise to a claim under 42 U.S.C. § 1983.

59.

The actions of Defendants Middle Georgia and Michael Stewart are not protected by sovereign and/or official immunity.

### POLICE OFFICERS GREGORY MAULDIN AND BEN ALLEN
#### Count VI- 42 U.S.C. § 1983 and Constitutional Violations

60.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 59 of the Complaint as if set forth fully herein.

61.

At all times relevant to this Complaint Defendants Mauldin and Allen were acting within

the scope of their employment as Post Certified law enforcement officers under color of state law.

62.

By arresting him without probable cause, Defendants Mauldin and Allen violated the rights, liberties, freedoms and privileges granted to Mr. Lewis by the United States and Georgia Constitutions and the common and statutory provisions of law.

63.

Said actions resulted in significant injuries to Mr. Lewis in an amount to be further developed during discovery and proven at trial.

## Count VII- False Arrest/False Imprisonment

64.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 63 of the Complaint as if set forth fully herein.

65.

At all times relevant to this action, Defendants Mauldin and Allen lacked sufficient probable cause to arrest Plaintiff.

66.

The unlawful arrest conducted by Defendants Mauldin and Allen violated state laws prohibiting false arrest and/or false imprisonment.

67.

As a result of the officers' conduct, Plaintiff suffered significant injury in an amount to be further developed during discovery and proven at trial.

68.

Defendant Mauldin and Defendant Allen's conduct is not protected by the doctrine of sovereign or official immunity.

### Count VIII- Infliction of Emotional Distress

70.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 69 of the Complaint as if set forth fully herein.

71.

By failing to investigate the case to determine probable cause, Defendant Mauldin and Allen's actions were so outrageous and reckless that they constituted a total disregard for Mr. Lewis' freedoms and liberties. Said actions caused severe injury and emotional distress for Mr. Lewis and constituted negligent/intentional infliction of emotional distress for which Mr. Lewis should be allowed to recover.

### NEKEYRAH RUMPH
### IX- False Arrest/False Imprisonment

72.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 71 of the Complaint as if set forth fully herein.

73.

On the day of the subject incident, Defendant Rumph was employed by Sodexo, Inc. as a food service worker. As an employee, Defendant Rumph was hired, paid and trained in accordance with Sodexo, Inc.'s policies and procedures.

74.

Defendant was working in the course and scope of her employment with Sodexo, Inc. when she told her supervisor that Mr. Lewis said he was making bombs in class. Based on her training and instruction and pursuant to Sodexo, Inc. policies, Defendant Rumph reported a bomb threat to the police.

75.

By making said false and inflammatory statement, Defendant Rumph instigated the arrest which lead to Mr. Lewis' unlawful arrest and subsequent injuries.

## SODEXO, INC.
## X- Respondeat Superior

76.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in Paragraphs 1 through 75 of the Complaint as if set forth fully herein.

77.

At the time said comments were made, Defendant Rumph and her supervisor were employed by Sodexo, Inc. Their comments, reports and remarks about Mr. Lewis were made during the course and scope of their employment.

78.

As an employer, Sodexo, Inc. is responsible for the actions, torts and other wrongful acts of its employees committed during the course and scope of their employment.

### XI- Negligent Hiring, Training and/or Supervision

79.

Mr. Lewis hereby alleges and incorporates by reference all allegations contained in

Paragraphs 1 through 78 of the Complaint as if set forth fully herein.

79.

Sodexo, Inc. owed a duty to the public in general and to Mr. Lewis in particular, to adequately screen, train and supervise its employees.

80.

Sodexo, Inc. breached its duty to Plaintiff by failing to properly train, supervise, and/or hire individuals qualified to make reports on matters pertaining to bomb threats, when and how police intervention is required and how to refrain from making reports that lead to the wrongful arrest of otherwise law-abiding citizens like Mr. Lewis.

81.

Said failure on the part of Sodexo, Inc. has led to the unlawful arrest and the resulting physical, emotional and economic damages suffered by Mr. Lewis.

### XII- False Arrest/Imprisonment

82.

Plaintiff hereby alleges and incorporates by reference as if set forth fully herein his allegations contained in Paragraphs 1 through 81 of Plaintiff's Complaint.

83.

At all times relevant to this Complaint, the conduct of Sodexo, Inc. employees, as agents of the company, resulted in the wrongful arrest and unlawful detention of Mr. Lewis.

84.

Said arrest was a violation of Georgia law and caused Mr. Lewis to suffer substantial injury and damages.

## DAMAGES

83.

Mr. Lewis hereby alleges and incorporates by reference as if set forth fully herein his allegations contained in Paragraphs 1 through 82 of Plaintiff's Complaint.

84.

As a result of Defendants' actions, Mr. Lewis is entitled to general damages to be determined by the trier of fact.

85.

The above-described actions of Defendants amount to that entire want of care as would constitute a conscious indifference to the consequences to Mr. Lewis in this case and/or willful misconduct, and/or oppression and, accordingly, pursuant to O.C.G.A. § 51-12-5.1, Mr. Lewis should be awarded punitive damages to deter Defendants from similar conduct in the future.

WHEREFORE, Plaintiff prays:

1. That this Amended Complaint be filed with the Clerk of Court;

2. That Defendants be held liable for damages to Mr. Lewis in an amount to be proven at trial;

3. That Mr. Lewis be awarded general and consequential damages in an amount to be determined at trial;

4. That Mr. Lewis be awarded punitive damages in an amount to be determined at trial;

5. That Mr. Lewis be awarded all costs and attorney's fees;

6. That this case be tried before a jury of twelve; and

7. That Mr. Lewis be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted, this 2nd day of March, 2018.

**THE LAW OFFICE OF**
**SHALENA COOK JONES, LLC**

_____
Shalena Cook Jones, Esq.
Georgia Bar No.:526846
*Counsel for Plaintiff*

1909 Abercorn Street
Savannah, Georgia 31401
Tel.: (912) 501-3434
Fax: (912) 504-3504
Email: sjones@joneslawofc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day filed and served a true and accurate copy of the foregoing pleading, **PLAINTIFF'S FIRST AMENDED COMPLAINT**, upon the parties of record and or their counsel by filing same using the PeachCourt electronic system and by depositing same in the U.S. Mail with proper postage affixed and addressed as follows:

| | |
|---|---|
| J. Michael Stewart<br>VP of Student Affairs<br>100 University Parkway<br>Macon, Georgia 31206 | Nekeyra Rumph<br>Middle Georgia State University- Cafeteria Services<br>158 College Street<br>Cochran, Georgia 31014 |
| The Board of Regents for the University System of Georgia d/b/a Middle Georgia State University<br>270 Washington, SW<br>Suite #7002<br>Atlanta, Georgia 30334 | Sodexo, Inc<br>c/o Corporate Creations Network, Inc.<br>2985 Gordy Parkway, 1st Floor<br>Marietta, Georgia 30066 |
| Sgt. Gregory Mauldin<br>Middle Georgia State University Campus Police Department<br>100 College Street<br>Cochran, Georgia 31206 | Mr. Alan M. Maxwell, Esq.<br>Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>3344 Peachtree Road NE, Suite 2400<br>Atlanta, Georgia 30326 |
| Sgt. Ben Allen<br>Middle Georgia State University Campus Police Department<br>100 College Street<br>Cochran, Georgia 31206 | |

This 2nd day of March, 2018.

*Shalena Cook Jones*
*Counsel for Plaintiff*